IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| QUENTIN THOMPKINS § <br> § <br> V. § <br> § CIVIL ACTION NO. 4:24-cv-02081 <br> § <br> HARRIS COUNTY and CONSTABLE § <br> MATTHEW SALAZAR, § <br> § | |

**PLAINTIFF'S MOTION TO AMEND JUDGMENT AND MEMORANDUM IN SUPPORT OF DISMISSAL WITHOUT PREJUDICE**

**TO THE HONORABLE JUDGE OF THIS DISTRICT COURT:**

At the end of the hearing on December 18, 2024, this Honorable Court request that Plaintiff submit law substantiating Plaintiff's assertion that dismissal with prejudice was inappropriate in this case. Plaintiff now submits such, and requests that (1) if dismissal has already been entered, it be amended pursuant to Federal Rule of Civil Procedure 59(e) to reflect a dismissal without prejudice, and (2) if dismissal has not been granted, and this Court remains committed to a dismissal, such be entered in as a dismissal without prejudice.

## I. INTRODUCTION

Plaintiff states that throughout the course of this litigation Defendants filed several Motions to Dismiss, all of which were all substantially similar to each other, and that Plaintiff responded to their motions by either (1) amending its complaint to cure the defect or (2) filing a formal response to the motion. However, as it relates to the last filed Motion to Dismiss, Plaintiff only amended their complaint and failed to file a response to the current motion. However, a response had been filed in response to a previous Motion to Dismiss, and if Plaintiff had filed a response, it would have been substantially similar to the one they had already filed, as Defendants Motion to Dismiss were substantially similar to their prior motions.

Irrespective, while dismissal is a severe penalty for such an oversight, Plaintiff certainly does not believe there is sufficient basis to warrant a dismissal with prejudice on this matter.

## II. ARGUMENTS AND AUTHORITIES

**a) Dismissal with Prejudice is Improper**

In *Watson*, the 5th circuit held that "Rather, before a trial judge dismisses a complaint with prejudice, there should be a clear record of delay or contumacious conduct, and a finding that lesser sanctions would not serve the system of justice. The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Watson v. U.S. ex rel. Lerma*, 285 Fed. Appx. 140, 143 (5th Cir. 2008)."

In *Davis*, a Houston division district court held that "Under Southern District of Texas Local Rules, the Court may construe a failure to respond to a motion to dismiss as Plaintiff having no opposition to the motion. (Citation Omitted). Even so, a plaintiff's claims may not be dismissed with prejudice based solely on the lack of response." *Davis v. ComputerShare Loan Services*, No. 4:23-CV-1542, 2023 WL 9005670, at *2 (S.D. Tex. Nov. 8, 2023), report and recommendation adopted, No. 4:23-CV-01542, 2023 WL 9007275 (S.D. Tex. Dec. 27, 2023) (citing to *Hansen v. Protective Life Ins. Co.*, 642 F. Supp. 3d 587, 597 (S.D. Tex. 2022)).

**b) The proper procedure was for the court to decide the Motion on the papers.**

"A proper sanction for a failure to respond to a dispositive motion is for the court to decide the motion on the papers before it." *Id; Petersen v. Meta, Inc.*, No. 2:24-CV-00038, 2024 WL 4719714, at *4 (S.D. Tex. Sept. 4, 2024), report and recommendation adopted, No. 2:24-CV-00038, 2024 WL 4608185 (S.D. Tex. Oct. 29, 2024).

  While Plaintiff requested that the Court decide the motion on the merits of the papers before it, this request was denied.

## Conclusion

Plaintiff asserts that dismissal with prejudice on this matter is improper.

        Respectfully submitted,

        THE NWOHA LAW FIRM, L.L.C
        777 Main St. Suite 600,
        Fort Worth, Texas 76102
        Telephone: (469) 320-1339
        Facsimile: (469) 277-8873
        E-Service: nn@nwohalaw.com

        By: _____
        Neill Nwoha
        State Bar No. 24115019.

        ATTORNEYS FOR PLAINTIFF